UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
ERICA E. POWELL,

                Plaintiff,

      - against -

**COMMISSIONER OF SOCIAL SECURITY,**

                Defendant.
------------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

1:19-CV-00383 (AMD) (VMS)

**ANN M. DONNELLY,** United States District Judge:

      The plaintiff seeks review of the Commissioner of Social Security's decision that she was not disabled for the purposes of receiving benefits under Titles II and XVI of the Social Security Act. For the reasons set forth below, I remand the case for further proceedings.

      On November 5, 2012, the 31-year-old plaintiff applied for benefits, alleging disability due to depression and bipolar disorder. (Tr. 188-97, 220.) After her claim was denied, Administrative Law Judge Marissa Ann Pizzuto held a hearing, at which the plaintiff appeared *pro se*. (Tr. 76-87.) The ALJ denied the plaintiff's claim for benefits, concluding that she has the residual functional capacity "to perform a full range of work at all exertional levels" with certain nonexertional limitations: she could do only "unskilled work, with frequent but not constant contact with supervisors and coworkers, and occasional contact with the public." (Tr. 115.)

      After the Appeals Council denied the plaintiff's appeal, it re-opened the case to review additional evidence, but ultimately adhered to its decision. (Tr. 1-9.) The plaintiff filed this action on January 22, 2019, and both parties moved for judgment on the pleadings. (ECF Nos. 5, 17, 24.)

## STANDARD OF REVIEW

A district court reviewing a final decision of the Commissioner of the Social Security Administration "is limited to determining whether the [Commissioner's] conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (quoting *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012)). The court must uphold the Commissioner's findings if the record contains substantial evidence to support them. 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted).

"Although factual findings by the Commissioner are 'binding' when 'supported by substantial evidence,'" the court will not defer to an ALJ's determination "[w]here an error of law has been made that might have affected the disposition of the case." *Pollard v. Halter*, 377 F.3d 183, 188-89 (2d Cir. 2004) (quoting *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984) (internal citations omitted)). Thus, "[e]ven if the Commissioner's decision is supported by substantial evidence, legal error alone can be enough to overturn the ALJ's decision." *Ellington v. Astrue*, 641 F. Supp. 2d 322, 328 (S.D.N.Y. 2009) (citation omitted).

## DISCUSSION

The plaintiff makes four claims. First, she argues that the ALJ did not develop the record, which led to an improper determination of the plaintiff's residual functional capacity. Next, she faults the ALJ's analysis of her credibility. The plaintiff also alleges that the ALJ improperly relied on the medical-vocational guidelines instead of obtaining a vocational expert's opinion. Finally, the plaintiff challenges the process by which the ALJ was appointed. I agree

2

that the ALJ needs to develop the record further and to reconsider her credibility determination. Accordingly, I remand the case for further proceedings.

I. **Duty to Develop the Record**

The essence of the plaintiff's challenge to the ALJ's development of the record is that she did not seek medical opinions from the plaintiff's treating physicians. (ECF No. 18 at 10.) The Commissioner responds that there is sufficient medical evidence on the record to support the ALJ's decision. (ECF No. 25 at 20.)

"Social Security proceedings are inquisitorial rather than adversarial." *Sims v. Apfel*, 530 U.S. 103, 110-11 (2000). Accordingly, an ALJ has an "affirmative duty to develop the administrative record" even though the claimant bears the "burden [to prove] that . . . she has a disability[.]" *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008). This duty—"heightened where the claimant appears *pro se*"—"includes assembling the claimant's complete medical history[,] and recontacting the claimant's treating physician if the information received from the treating physician . . . is inadequate to determine whether the claimant is disabled." *Batista v. Barnhart*, 326 F. Supp. 2d 345, 353 (E.D.N.Y. 2004) (citations omitted). Before relying on medical evidence from consultative sources, an ALJ must "make every reasonable effort to obtain . . . the medical records of the treating physician[,]" and "a report that sets forth the opinion of that treating physician as to the existence, the nature, and the severity of the claimed disability." *Peed v. Sullivan*, 778 F. Supp. 1241, 1246 (E.D.N.Y. 1991).

Although the ALJ said at the hearing that she would get treatment notes from the plaintiff's treating physicians (Tr. 86), the record does not show to what extent she followed up with the physicians or that she encouraged the plaintiff to do so herself. *See Guillen v. Berryhill*, 697 F. App'x 107, 108-09 (2d Cir. 2017) (summary order) (remand is appropriate where the ALJ

3

did not request a medical opinion from the plaintiff's treating physician and available medical records did not address the plaintiff's vocational abilities). The record includes some treatment notes from Woodhull Medical and Mental Health Center, the plaintiff's medical provider in 2013 (Tr. 429-48), and two records from Dr. Thresiamma Nidhiry at the Mermaid Center, the plaintiff's treating psychiatrist in 2015 (Tr. 452-56). It does not, however, include an assessment of the plaintiff's ability to work or whether she had any limitations. Remand is appropriate "[w]here there are gaps in the administrative record." *McLaughlin v. Astrue*, No. 10-CV-0506, 2012 WL 2449938, at *6 (E.D.N.Y. June 27, 2012) (quoting *Rosa v. Callahan*, 168 F.3d 72, 83 (2d Cir. 1999)). Particularly in light of the plaintiff's *pro se* status, remand is necessary so that the ALJ can request additional records from the plaintiff's treating physicians.[1]

## II. Credibility Determination

The plaintiff argues that the ALJ did not properly evaluate the plaintiff's credibility. (ECF No. 18 at 15.) If a plaintiff's allegations are not supported by "objective medical evidence, the ALJ must engage in a credibility inquiry." *Gallagher v. Colvin*, 243 F. Supp. 3d 299, 306 (E.D.N.Y. 2017). "Credibility determinations must include specific reasons for the finding on credibility[.]" *Woodcock v. Comm'r of Soc. Sec.*, 287 F. Supp. 3d 175, 176 (E.D.N.Y. 2017) (citations and alterations omitted). The ALJ must consider (1) the claimant's daily activities, (2) the duration, location, frequency, and intensity of the claimant's pain, (3) precipitating and aggravating factors, (4) the type, dosage, effectiveness, and side effects of any medications that the claimant takes, (5) any treatment, other than medication, that the claimant has received, (6)

---

[1] Since the adequacy of the administrative record is a "threshold" question, I do not reach the ALJ's assessment of the medical evidence. *Nusraty v. Colvin*, 213 F. Supp. 3d 425, 442 (E.D.N.Y. 2016) (holding that ALJs have a threshold duty to develop the record).

4

any other measures that the claimant employs to relieve the pain, and (7) other factors concerning the claimant's functional limitations and restrictions as a result of the pain. 20 C.F.R. § 404.1529(c)(3)(i)-(vii).

Although the ALJ concluded that the plaintiff's description of her limitations was "not entirely consistent with the course of treatment, with the symptoms observed by the consultative psychologist . . . or with her treating source's . . . 2014 note" (Tr. 116-17), the ALJ did not explain how she balanced the various credibility factors or specify the extent to which she credited the plaintiff's testimony. *See Kane v. Astrue*, 942 F. Supp. 2d 301, 314 (E.D.N.Y. 2013) (finding legal error when the ALJ did not explicitly refer to or discuss any of the credibility factors). On remand, the ALJ should include a specific credibility determination and identify any inconsistencies between the plaintiff's testimony and the rest of the record.

### III. Need for a Vocational Expert

The plaintiff also claims that the ALJ should have sought a vocational expert's opinion on the question of the plaintiff's ability to work rather than relying on the medical-vocational guidelines. (ECF No. 18 at 18.) The Commissioner contends that ALJ correctly found that the plaintiff could perform work in the national economy. (ECF No. 26 at 26.)

"In the ordinary case," the ALJ may determine an individual's ability to work "by resorting to the applicable medical-vocational guidelines" after determining her residual functional capacity. *Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986). The medical-vocational guidelines, however, "only account for exertional limitations," such as "strength requirements." *Sergenton v. Barnhart*, 470 F. Supp. 2d 194, 202 (E.D.N.Y. 2007) (citation omitted). If "significant nonexertional impairments," such as mental limitations, "compound[]" the

5

claimant's exertional impairments, the ALJ "must introduce the testimony of a vocational expert." *Rosa v. Callahan*, 168 F.3d 72, 82 (1999).

The case law in this situation—when the plaintiff alleges only nonexertional limitations—is not uniform. Social Security regulations provide that the disability determination must be "based on the principles in the . . . regulations," 20 C.F.R. § Pt. 404, Subpt. P, App. 2. Some courts have remanded for vocational expert testimony when the claimant alleges only nonexertional impairments, while others have found that the absence of such testimony is not error. *Compare Page v. Colvin*, No. 15-CV-792, 2015 WL 9660016, at *6 (S.D.N.Y. Dec. 10, 2015) (holding the ALJ erred by failing to obtain vocational expert testimony where the claimant had nonexertional impairments only), *with Zongos v. Colvin*, No. 5:12-CV-1007, 2014 WL 788791, at *16 (N.D.N.Y. Feb. 25, 2014) ("When claimants suffer from nonexertional impairments (solely or in addition to exertional impairments), administrative law judges may consult and utilize the grids as a "framework" for evaluating whether nonexertional impairments result in disability.") (internal quotations omitted). The threshold question is whether the nonexertional impairments are "significant enough" to require an expert's analysis. *Hooper v. Colvin*, 199 F. Supp. 3d 796, 817 (S.D.N.Y. Aug. 5, 2016).

The ALJ's residual functional capacity determination was based on an incomplete record. Accordingly, after a more complete review of the medical evidence, the ALJ may want to reconsider whether the plaintiff's limitations are significant enough to require the input of a vocational expert. *See id.* ("After further development of the record and based on the proper review of opinion evidence, it is certainly possible that the ALJ could determine that [the claimant] exhibited at least moderate functional limitations, which may require him to consult a vocational expert.").

6

## IV. Challenge to ALJ's Appointment

Citing *Lucia v. Securities and Exchange Commission*, which held that ALJs employed by the Securities and Exchange Commission are inferior officers who must be properly appointed, 138 S. Ct. 2044, 2053 (2018), the plaintiff challenges the appointment of the ALJ. (ECF No. 18 at 20.)

"[A] Social Security claimant who fails to raise an Appointments Clause challenge to an ALJ's appointment at the administrative level waives this challenge." *Nestor v. Comm'r of Soc. Sec.*, No. 19-CV-580, 2019 WL 4888649, at *3 (E.D.N.Y. Oct. 3, 2019) (internal citation omitted); *see also Bonilla-Bukhari v. Berryhill*, 357 F. Supp. 3d 341, 351 (S.D.N.Y. 2019) (collecting cases). The plaintiff did not raise this argument at the administrative level; accordingly, it is waived.[2]

## CONCLUSION

The plaintiff's motion for judgment on the pleadings is granted. The Commissioner's motion for judgment on the pleadings is denied. The case is remanded for further proceedings consistent with this opinion.

---

[2] There is some divergence of opinion on the question of whether an Appointments Clause claim must be raised at the administrative level. Nonetheless, "the vast majority of courts that have considered this issue following *Lucia* . . . have concluded that exhaustion before the ALJ is required." *Bonilla-Bukhari*, 357 F. Supp. 3d at 351 (collecting cases).

**SO ORDERED.**

                                        s/Ann M. Donnelly
                                    _____
                                    ANN M. DONNELLY
                                    United States District Judge

Dated: Brooklyn, New York
        March 2, 2020