UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ERICA E. POWELL,                                          :
                                                         :
                              Plaintiff,                 :
                                                         :        **ORDER**
              -against-                                   :
                                                         :        19 Civ. 383 (VMS)
COMMISSIONER OF SOCIAL SECURITY,                          :
                                                         :
                              Defendant.                 :
------------------------------------------------------------------ x

**Vera M. Scanlon, Chief United States Magistrate Judge:**

Plaintiff Erica E. Powell brought this action seeking the review and reversal of the Social Security Administration's (the "SSA") denial of her November 5, 2012 application for Social Security Disability ("SSD") benefits under Title II of the Social Security Act, with an onset of disability date of July 13, 2011 (the "Application"). See Compl., ECF No. 1; Aff. of Charles Binder ("Binder Aff.") ¶ 1, ECF No. 32-3. A final decision in Plaintiff's favor was entered by the SSA Appeals Council on May 29, 2025. Binder Aff. ¶ 5.

Before this Court is Plaintiff's motion for attorneys' fees pursuant to 42 U.S.C. § 406(b). "Motion," ECF No. 32. The parties have consented to the jurisdiction of a United States Magistrate Judge. See ECF Nos. 36, 37. For the reasons set forth below, the Motion is granted.

## I.    BACKGROUND

After receiving an adverse decision on her SSD benefits application, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on January 23, 2015. See Binder Aff. ¶ 1. After the ALJ found that Plaintiff was not disabled, she requested an Appeals Council review of the decision, which also rendered an adverse decision. See id. On November 30, 2018, Plaintiff, then proceeding pro se, timely commenced this action in the United States District Court for the Southern District of New York. See Compl. On January 11, 2019, the case was transferred to this District.

1

On January 22, 2019, the Court directed Defendant to file the administrative record and then to move for judgment on the pleadings. See ECF No. 7. On July 16, 2019, Plaintiff retained counsel pursuant to a retainer agreement ("Retainer"), ECF No. 32-4 at 2-3. On July 17, 2019, counsel for Plaintiff entered a notice of appearance, see ECF No. 15, and the parties proceeded to cross-move for judgment on the pleadings, both of which were fully briefed on December 9, 2019. See ECF Nos. 24-27. On March 3, 2020, the Court granted Plaintiff's motion, denied Defendant's motion, and remanded the case for further agency proceedings. See ECF No. 28.

On May 26, 2020, the parties stipulated to an award of attorneys' fees to Plaintiff, pursuant to the Equal Access to Justice Act ("EAJA"), in the amount of $7,561.37,[1] ECF No. 31, which the Court entered, ECF No. 32.

After remand, a second hearing was held before the ALJ on December 4, 2024, and a supplemental hearing was held on April 16, 2025. See Binder Aff. ¶ 5. On May 29, 2025, the ALJ issued a "Fully Favorable decision" finding Plaintiff "disabled since her alleged onset date of July 13, 2011." Id.

By Notice of Award dated August 26, 2025, the SSA notified Plaintiff that she would receive the lump sum award for past-due SSD benefits in the amount of $148,867.00,[2] as well as future monthly checks of $934.00. See Not. of Award., ECF 32-4 at 9-14.

---

[1] Counsel states that these "fees were partially offset by Plaintiff's federal debt," such that counsel "received only $1,105.77 in EAJA fees." Binder Aff. ¶ 4; see ECF No. 32-4 at 5.

[2] The Notice of Award does not state the total amount awarded in past-due benefits, but it does state that, in order to pay her representative, SSA withheld 25% of Plaintiff's past-due benefits, a total of $37,216.75. See ECF No. 32-4 at 12. The Court thus calculates the total amount of Plaintiff's past-due benefits by multiplying $37,216.75 by four.

On September 9, 2025, Plaintiff timely filed the Motion, and Defendant responded. "Response," ECF No. 34.[3]  A hearing on the Motion was held.  See 11/18/2025 Min. Entry.

## II.    DISCUSSION

### A.  Legal Standard

In connection with SSD benefits, "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled[.]" 42 U.S.C. § 406(b)(1)(A).  Section "406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."  Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002) (footnote omitted).

"The effect of the provision, which was originally passed in 1965, is threefold: it fixes a maximum percentage for contingent fees of twenty-five percent; it permits recovery of such fees only out of past due benefits; and it requires court approval for whatever amount of such fees should be paid."  Fields v. Kijakazi, 24 F.4th 845, 852 (2d Cir. 2022) (internal quotation & alterations omitted).  "When considering a fee application under section 406(b), 'a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case; and the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client,

---

[3] Defendant "neither supports nor opposes counsel's request for attorneys' fees under 42 U.S.C. § 406(b)" because "the Commissioner has no direct financial stake in the outcome" of the Motion. See Response at 1.

not an hourly rate determined under lodestar calculations.'" Yamile B. S. v. Comm'r of Soc. Sec. Admin., No. 19 Civ. 155 (SALM), 2022 WL 1115099, at *2 (D. Conn. Apr. 14, 2022) (finding the terms of plaintiff's counsel's retainer agreement to be reasonable where the agreement provided that counsel's attorneys' fees would amount to no more than 25% of the plaintiff's past-due SSD benefits) (citing & quoting Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990)); see Fields, 24 F.4th at 852-53 (holding that a district court may reduce the amount called for by the contingency fee agreement only when it finds the amount to be unreasonable).

"When determining the reasonableness of a fee sought pursuant to section 406(b), the Court considers the following factors: (1) whether the requested fee is out of line with the character of the representation and the results the representation achieved; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether the benefits awarded are large in comparison to the amount of the time counsel spent on the case." Yamile B. S., 2022 WL 1115099, at *2 (internal quotation omitted); see Virgil v. Comm'r of Soc. Sec., No. 19 Civ. 1473 (PKC), 2022 WL 203675, at *2 (E.D.N.Y. Jan. 24, 2022) (same). "In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." Wells, 907 F.2d at 371.

**B. Analysis**

**1. Counsel's Requested Attorneys' Fees Are Reasonable**

Plaintiff's counsel seeks $37,216.75, which constitutes 25% of Plaintiff's past-due benefits award, see Not. of Award, and is consistent with the agreement between Plaintiff and her counsel, see Retainer ¶ 3.

Applying the Second Circuit's four factors to determine the reasonableness of the attorneys' fees sought by Plaintiff's counsel, see Fields, 24 F.4th at 854-55, the Court finds that

4

there is no evidence that the proposed fees are out of line with the "character of the representation and the results the representation achieved." Sama v. Colvin, No. 10 Civ. 1268 (VLB) (TPS), 2014 WL 2921661, at *2 (D. Conn. June 25, 2014); see Yamile B. S., 2022 WL 1115099, at *2.

First, counsel achieved a very favorable result for Plaintiff by helping her obtain past-due SSD benefits from the original date on which Plaintiff alleged becoming disabled, which likely would not have been possible without counsel's efforts before the Court. See Yamile B. S., 2022 WL 1115099, at *2. Plaintiff recovered significant benefits in 2025, more than 10 years after she filed the Application and only after the Court granted Plaintiff's motion for judgment on the pleadings. See ECF No. 28.

Second, a review of Plaintiff's counsel's time records shows that they efficiently and effectively litigated this action over a total of 36.4 hours expended on this matter. See "Billing Records," ECF No. 32-4 at 7. Nothing in the time records or in the parties' respective submissions suggests that counsel was "responsible for undue delay," Fields, 24 F.4th at 849, of the proceedings to increase the accumulation of benefits and increase their fee. See Billing Records. Time entries for work performed include such tasks as reviewing Plaintiff's transcript, drafting motion papers, and reviewing Defendant's motion papers. See id. Counsel filed the Motion on September 9, 2025, after having received the Notice of Award on August 28, 2025, see Binder Aff. ¶ 11, "thereby demonstrating diligence and avoiding any delay that might have inflated the past-due amount." Meyer v. Acting Comm'r of Soc. Sec., No. 22 Civ. 5582 (LDH) (JMW), 2025 WL 2879978, at *3 (E.D.N.Y. Oct. 9, 2025).

5

Third, nothing in the record leads the Court to find that "there was fraud or overreaching in the making of the contingency arrangement," Fields, 24 F.4th at 849, between Plaintiff and her counsel pursuant to the Retainer.

Finally, the Court must assess whether the requested fee of $37,216.75, which corresponds to an hourly rate of approximately $1,022.44 for 36.4 hours of work, see ECF No. 32-4 at 7, constitutes a "windfall" to counsel. Courts in this Circuit evaluate four factors to determine whether a fee would be a "windfall:" (1) "the ability and expertise of the lawyers" and whether counsel was particularly efficient, accomplishing in a short time what less specialized lawyers might take longer to do; (2) "the nature and length of the professional relationship" with Plaintiff, including any representation at the agency level; (3) Plaintiff's "satisfaction"; and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve the result." Meyer, 2025 WL 2879978, at *4 (quoting Fields, 24 F.4th at 854-55).

The Court first considers Plaintiff's counsel's level of experience. The attorney who expended 33 of the 36.4 hours on this matter, Daniel Jones, was admitted to practice in 2010 and "has practiced exclusively in the area of federal court appeals of Social Security disability claims for over a decade, having worked on over a thousand cases on briefs filed in every District Court representing all 50 states as well as the Districts for the District of Columbia and the District of Puerto Rico, [and] having drafted briefs filed in all twelve of the Circuit Courts that hear appeals of Social Security claims as an attorney during that time." Binder Aff. ¶ 8. Mr. Binder, who expended 3.4 hours of work on this case, "ha[s] handled thousands of administrative hearings and federal appeals" in Social Security disability cases and has lectured about litigating disability cases to, inter alia, this District's pro se panel. Id. ¶ 10. Courts in this District frequently grant Mr. Binder's requests for attorneys' fees for his successful representation of plaintiffs in Social

6

Security cases.  See, e.g., Maniram v. Comm'r Soc. Sec. Admin., 20 Civ. 4085 (VMS), ECF No. 35 (E.D.N.Y. Mar. 27, 2025) (awarding Mr. Binder attorneys' fees in the amount of 25% of plaintiff's past-due benefits); Sylvester v. Comm'r Soc. Sec., 20 Civ. 2903 (EK), ECF No. 31 (E.D.N.Y. Apr. 4, 2025) (same).  Moreover, the Court finds that 36.4 hours is a reasonable amount of time expended on this matter.  See Walsh v. Comm'r of Soc. Sec., No. 17 Civ. 5465 (WFK), 2022 WL 4079588, at *3 (E.D.N.Y. Sept. 6, 2022) (finding that counsel's representation of the plaintiff was "efficient and effective" where counsel spent 44.4 hours on the plaintiff's case).

Second, as to the nature and length of the professional relationship, Plaintiff retained counsel on July 16, 2019, see Retainer, and counsel has represented Plaintiff throughout these proceedings and subsequent agency proceedings.  "This multi-year professional relationship weighs in favor of approving the contingency fee, as it demonstrates continuity of representation and sustained advocacy across both the agency and federal levels."  Meyer, 2025 WL 2879978, at *5 (E.D.N.Y. Oct. 9, 2025).  Moreover, "[i]t is quite likely that the significant investment of time and effort in [Plaintiff's] case at the agency level further enabled [counsel] to operate with efficiency in the federal courts."  Fields, 24 F.4th at 855.

Third, with respect to the "satisfaction of the disabled claimant," id., the Court notes that counsel obtained the desired result which allowed Plaintiff to recover substantial past benefits and future benefits.  Although Plaintiff has not submitted an affidavit regarding counsel's petition for fees, this does not suggest dissatisfaction.  See Schmidt v. Comm'r of Soc. Sec. Admin., No. 20 Civ. 3594 (KAM), 2025 WL 2689478, at *4 (E.D.N.Y. Sept. 19, 2025).  The Court does not find any evidence in the record that Plaintiff was dissatisfied with counsel's representation.

With respect to "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result," Fields, 24 F.4th at 855, the Court notes that Plaintiff's claim was contested by Defendant in its motion for judgment on the pleadings and that, upon remand, two hearings were required before the fully favorable decision was reached. See Binder Aff. ¶¶ 3–5. "A windfall is more likely to be present in a case, unlike this one, where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery." Finnegan v. Comm'r of Soc. Sec., No. 21 Civ. 2070 (PKC), 2024 WL 4494088, at *4 (E.D.N.Y. Oct. 15, 2024) (quoting Fields, 24 F.4th at 855)). Although the Court calculates the hourly fee to be over $1,000 per hour, this simple arithmetic does not account for the delay in payment over the life of the case or the significant risk which Plaintiff's counsel undertook in taking a case that had been rejected by Defendant on multiple occasions. See, e.g., supra Part I.

Considering the above four factors, the Court does not find that the requested amount of attorneys' fees constitutes a windfall. In sum, the Court finds that the fees requested in the Motion are reasonable.

### 2. Offset of the EAJA Award

As discussed above, counsel has already received an EAJA attorneys' fee award of $1,105.77. See Binder Aff. ¶ 4. An attorney cannot recover fees under both EAJA and § 406(d), and must instead "refund the claimant the amount of the smaller fee." Finnegan, 2024 WL 4494088, at *3.

Accordingly, upon receiving the § 406(b) award, Plaintiff's counsel is directed to promptly refund to Plaintiff the EAJA fees received, in the amount of $1,105.77.

8

### III.    CONCLUSION

For the above reasons, the Motion is granted, and Plaintiff's counsel are awarded

$37,216.75.  Upon receipt of this award from Defendant, counsel must promptly refund Plaintiff

$1,105.77.  This case remains closed.


Dated:  Brooklyn, New York
        March 12, 2026

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge

9